NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED
JAN 23 2012
AT 8:30 ___
WILLIAM T. WALSH
CLERK

Gary & Beth PROBOLA, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

Long & Foster Real Estate, Inc.,

    Defendant.

Civil No. 11-6334 (AET)

**OPINION**

THOMPSON, U.S.D.J.

## I. INTRODUCTION

This matter comes before the Court upon Plaintiffs Gary and Beth Probola's (collectively, "Plaintiffs") Motion to Remand for Lack of Federal Subject Matter Jurisdiction [docket # 3]. Defendant Long & Foster Real Estate, Inc. ("Long and Foster") opposes this motion [21].[1] The Court has decided the motion after taking into consideration the parties' submissions without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth below, Plaintiffs' Motion to Remand is GRANTED.

## II. BACKGROUND

This matter arises from alleged overcharges in connection with real estate sales in which Long & Foster, or one of several independent contractors affiliated with Long & Foster, served

---

[1] Defendant has also filed a motion to dismiss. [8]. Because a district court has an obligation to determine subject matter jurisdiction prior to considering the merits of a case, *see Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n of Philadelphia*, 657 F.2d 29, 36 (3d Cir. 1981), the Court will decide the remand issue prior to analyzing any substantive motions.

as a real estate broker. On September 7, 2011, Plaintiffs filed a complaint in the Superior Court of New Jersey, Law Division of Mercer County ("Superior Court"), challenging Long & Foster's practice of charging participants in New Jersey real estate sales a $345 "Document Fee" at closing. Plaintiffs purport to represent themselves and a class of similarly situated persons who have bought or sold a home in New Jersey since September 7, 2005 using Long & Foster, or an affiliated independent contractor, as a broker. (Am. Compl. ¶¶ 1, 98–111). Plaintiffs allege that they were charged a commission percentage fee in addition to the Document Fee as payment for the real estate services provided to them by Long & Foster. Although Plaintiffs note that Long & Foster provides all customers with a standardized disclosure form describing its commission structure, *see* (*id.* ¶¶ 12–14, 78–79), Plaintiffs contend that Long & Foster performs no additional services in exchange for the Document Fee "beyond those services which Long & Foster already performs - and which Long & Foster is obligated to perform." (*Id.* ¶ 24). Consequently, Plaintiffs allege that the Document Fee violates the New Jersey Consumer Fraud Act (NJCFA), the New Jersey Truth in Consumer Contract Warranty and Notice Act (TCCWNA), and New Jersey state law regarding the fiduciary duties owed by real estate brokers to their principals. (*Id.* ¶ 3).

On October 28, 2011, Defendant filed a Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1332(d)(2), 1441, 1446, and 1453. [1]. Plaintiffs now move to remand this action to the Superior Court.

### III. DISCUSSION

Defendants have a statutory right to remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "The propriety of removal thus depends on whether the case originally could have been filed in

federal court." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997). When confronted with a motion to remand, the removing party has the burden of establishing the propriety of removal. *See F.D.I.C. v. Wissel & Sons Constr. Co., Inc.*, 881 F. Supp. 119, 122 (D.N.J. 1995). Moreover, the removal statute is generally "strictly construed against removal and all doubts should be resolved in favor of remand." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) (quotation and citation omitted).

Defendant asserts that this Court has original jurisdiction over this action pursuant to the Class Action Fairness Act (CAFA), as codified in 28 U.S.C. § 1332(d)(2). (Notice of Removal, ¶ 8). CAFA grants a federal district court original jurisdiction of a class action in which the matter in controversy exceeds the sum or value of $5 million and in which any member of the class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2). Alternatively, Defendant contends that this Court has original jurisdiction over this action because the Complaint alleges violations of the federal Real Estate Settlement Practices Act (RESPA), 12 U.S.C. § 1601, *et seq.*, as well as regulations promulgated by the U.S. Department of Housing and Urban Development pursuant to RESPA. As such, Defendant contends, the Complaint presents a federal question because these claims arise under federal law, and therefore this matter is properly removed to this Court pursuant to 28 U.S.C. § 1441(b). (*Id.* ¶ 7).

A. <u>Class Action Fairness Act</u>

CAFA grants original jurisdiction to federal district courts over purported class actions where the amount in controversy exceeds $5 million, and any member of the plaintiffs' class is diverse from any defendant. 28 U.S.C. § 1332(d)(2). Defendant notes that Plaintiffs allege (1) complete diversity of citizenship; (2) a class of "at least several thousand persons"; and (3) multiple state-law claims that allow cumulative damages, statutory damages, treble damages, and

attorneys' fees that, when aggregated, "easily surpass the $5 million amount in controversy requirement of CAFA." (Def.'s Opp'n, at 1). Plaintiffs, however, have stated that they do not believe the maximum amount of controversy is anywhere near $5 million. (Pls.' Reply, at 2). Moreover, in their Complaint, Plaintiffs specifically attempted to allege that the amount in controversy was under $5 million. *See* (Am. Compl. ¶ 38 ("Upon information and belief, the amounts collected by Long & Foster from buyers and sellers in New Jersey during the class period from class members as 'Document Fees' is less than $5,000,000.")).

Plaintiffs and Defendant disagree over which party bears the burden of proving whether the damages claimed in this action exceed the amount-in-controversy requirement, and which evidentiary standard should apply. Long & Foster argues that the Court should dismiss Plaintiffs' action only if it appears to a legal certainty that Plaintiffs could not recover the amount-in-controversy, or greater. (Def.'s Opp'n, at 6-7). However, Plaintiffs argue that Defendant, as the party asserting federal jurisdiction, bears the burden of proving, to a legal certainty, that Plaintiffs' damages exceed the amount-in-controversy in view of their pleading. (Pls.' Mot. to Remand, at 19).

Where the relevant jurisdictional facts are not in dispute, or where fact-finding has occurred, the Court should employ the "legal certainty" test, which mandates dismissal of an action when "it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount." *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 397–98 (3d Cir. 2004). However, in cases where disputes over jurisdictional facts exist, the removing party must prove its allegations of jurisdiction by a preponderance of evidence. *Id.*; *see also Frederico v. Home Depot*, 507 F.3d 188, 194 (3d Cir. 2007); *Scioscia v. Target Corp.*, No. 08-

2593, 2008 WL 2775710, at *2 (D.N.J. July 14, 2008). Because there is a colorable dispute as to the underlying jurisdictional facts, Defendant, as the removing party, bears the burden to show by a preponderance of the evidence that the amount in controversy requirement is satisfied. *Id.*

Here, the Defendant has not met this burden. Long & Foster notes that Plaintiffs allege at least three violations for which they are seeking monetary damages: (1) actual damages for breach of fiduciary duty; (2) treble damages and attorneys' fees for violation of the NJCFA; and (3) actual damages, statutory damages in the amount of $100 per violation, and attorneys' fees for the TCCWNA claim. (Def.'s Opp'n, at 9). Based on this, Defendant has claimed a maximum recovery amount of at least $1,825.00 per class member (before attorneys' fees) and have worked backwards from the $5 million statutory minimum to suggest that a possible class size of roughly 2,740 and 2,108 would exceed the jurisdictional amount. By contrast, Plaintiffs have suggested that the maximum recovery per class member before attorneys' fees would be $1,035 (or the document fee trebled) and have suggested that the class size would be under 3,000, leading to a figure substantially under the amount in controversy threshold. (Pls.' Mot. to Remand, at 18–19). While the amount in controversy "is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated," *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993), the Court is not persuaded that Defendant has offered a reasonable valuation of Plaintiffs' expected recovery. Defendant has not provided any affidavits or pointed to any data that would tend to show that Plaintiff's claims would likely exceed $5 million, although it seems undisputed that Defendant would have records showing exactly how many New Jersey real estate participants Defendant charged the $345 fee to since 2005, which would clarify the matter for the Court.

5

Moreover, the Court finds persuasive Plaintiffs' contention that the Complaint specifically alleged that the amount in controversy was under $5 million and their willingness to amend the complaint to so reflect. *See* (Pls.' Reply 2 n.4); *see also USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 205 n.12 (3d Cir. 2001) (noting that when determining the amount in controversy for jurisdictional purposes, the Court must consider the complaint, the notice of removal, and any submission related to the plaintiff's motion to remand). Because CAFA does not change the proposition that the plaintiff is the master of his or her own claim, *see Morgan v. Gay*, 471 F.3d 469, 474 (3rd Cir. 2006), the Court declines to exercise jurisdiction based on an inaptly phrased pleading in the absence of compelling evidence that would suggest that Plaintiffs could recover more than $5 million. *See Lawton v. Basic Research, L.L.C.*, No. 10-6341, 2011 WL 1321567, *2 n.4 (D.N.J. Apr. 4, 2011) (noting that the dispositive factor in *Morgan* was the fact that plaintiff made a statement regarding the potential value of his case—it was not simply that the plaintiff used any specific set of words).

B. "Arising Under" Jurisdiction

Having declined to exercise jurisdiction on the basis of CAFA, the Court turns to Defendant's contention that this Court has jurisdiction to adjudicate Plaintiffs' claims because they arise under federal law within the meaning of 28 U.S.C. § 1331.

Courts determine whether an action arises under federal law by looking to the content of the plaintiff's "well-pleaded complaint." *U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 389 (3d Cir. 2002) (quoting *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). In the ordinary case, federal jurisdiction is triggered under § 1331 by a plaintiff who pleads a cause of action created by federal law. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). However, there is "a special and small category" of federal jurisdiction in

which a claim that does not qualify as a cause of action created by federal law nevertheless arises under federal law within the meaning of 28 U.S.C. § 1331 because federal law is a necessary element of the claim for relief. *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699 (2006). Consequently, state law claims can arise under federal law where the state law claim (1) "necessarily raise[s] a stated federal issue, actually disputed and substantial" that (2) "a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314.

Defendant contends that Plaintiffs have pled a claim that is necessarily dependent upon the determination of a federal law, RESPA, and notes that Plaintiffs cite federal statutes, federal district court opinions, federal regulations, and federal administrative interpretations of federal regulations in support of their purported state-law claims. (Def.'s Opp'n, at 10–11). However, Plaintiffs have specifically disclaimed any federal cause of action in this case. *See, e.g.*, (Am. Compl. ¶ 6 ("This complaint raises claims against Long & Foster on behalf of a proposed New Jersey class, on claims which arise exclusively under New Jersey state law")); (*id.*, ¶ 7 ("while the TCCWNA violations pleaded herein arise from violations of clearly established rights under both federal and state law, plaintiffs and the class are not raising direct claims under the federal Real Estate Settlement Procedures Act ("RESPA") or any other direct federal causes of action whatsoever.")). Moreover, at least some of Plaintiffs' alternative theories of liability under both the NJCFA and the TCCWNA do not depend on an interpretation of RESPA or any issue of federal law. *See, e.g.*, (*id.*, ¶¶ 50–52 (alleging that the Document Fee may implicate the NJCFA's prohibition of "unlawful practices," which in turn implicates exorbitant prices, unfair bargaining advantages and incomplete disclosures)); (*id.*, ¶¶ 92–93 (alleging that the Document Fee made a false affirmative misrepresentation of fact in violation of the NJCFA)); (*id.*, ¶ 97

(alleging that the Long & Foster disclosures made omissions of material facts in violation of state law)).

Because Plaintiffs do not assert a federal cause of action, and because the NJCFA and TCCWNA claims could "proceed without the Defendants having to be found in violation of RESPA" since "a court can find a defendant violated NJCFA based on 'unconscionable' conduct" grounded on state law principles, the Court finds that Plaintiffs' claims do not "necessarily raise a stated federal issue." *See Espinosa v. MAMCO Prop. Mgmt. and Ass'ns, Inc.*, No. 11- 4847, 2011 WL 4478558, * 3 (D.N.J. Sept. 26, 2011) (citing *Poray v. Altimate Disc. Mortg.*, No. 06-2701, 2006 U.S. Dist. LEXIS 84530, *4–5 (D.N.J. Nov. 21, 2006); *Grable*, 545 U.S. at 314).

Accordingly, the Court finds that there is no federal question at issue sufficient to confer subject matter jurisdiction upon it.

## IV.   CONCLUSION

For the above reasons, and for good cause shown, the Plaintiffs' Motion to Remand is granted. Consequently, Defendant's Motion to Dismiss is dismissed as moot. An appropriate order will follow.

Dated 1/20/12

ANNE E. THOMPSON, U.S.D.J.